ROBERTA L. STEELE, SBN 188198 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. W, POB 36025
San Francisco, CA 94102
Telephone No. (415) 522-3011
Roberta.Steele@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**Civil Rights –**<br>**Employment Discrimination**<br><br>**JURY TRIAL DEMANDED** |

### NATURE OF THE ACTION

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") brings this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to charging party Gwendolyn Grayson, who was adversely affected by such practices. As alleged with greater particularity below, Defendant, Brookdale Senior Living Communities, Inc. ("Brookdale"), engaged in unlawful retaliation against Ms. Grayson in violation of Title VII because she engaged in protected activity.

### JURSIDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in the United States District Court for the Eastern District of California, because the unlawful employment practices alleged below occurred in the City of Auburn, County of Placer, California.

**PARTIES**

4. Plaintiff EEOC is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action pursuant to § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Brookdale has continuously been, and is now, a corporation doing business in the State of California and in the City of Auburn, County of Placer.

6. At all relevant times, Defendant Brookdale has continuously had and does now have at least fifteen (15) employees.

7. At all relevant times, Defendant Brookdale has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

8. More than thirty (30) days prior to the initiation of this lawsuit, Gwendolyn Grayson filed a charge of discrimination with the EEOC alleging, *inter alia*, that Defendant Brookdale discriminated against her in violation of Title VII.

9. Defendant received notice and a copy of Ms. Grayson's charge of discrimination.

10. On July 18, 2019, the EEOC issued a Letter of Determination finding reasonable cause to believe that Defendant retaliated against Ms. Grayson for engaging in protected activity in violation of Title VII.

11. In the EEOC's July 18, 2019 letter, the EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The EEOC communicated with Defendant's representative to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On August 14, 2019, the EEOC issued a Notice of Failure of Conciliation Letter.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16. Since at least June 19, 2018, Defendant has engaged in unlawful employment practices at its Auburn, California location in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

17. Ms. Grayson was hired by Defendant on or about April 5, 2018, as a part-time Resident Care Associate/Medication Technician at Defendant's Roseville facility. She transferred to a full-time position located at Defendant's Auburn senior assisted living facility on or about June 3, 2018.

18. Gwendolyn Grayson is Black.

19. On or about June 12, 2018, Ms. Grayson overheard two female non-Black co-workers make a comment Ms. Grayson considered racially insensitive, and she told her coworkers she felt uncomfortable hearing the comment.

20. Defendant's management was notified of Ms. Grayson's discussions with her two co-workers a day or two afterward.

21. On June 18, 2018, Ms. Grayson was directed to report to a meeting that included her direct supervisor, as well as the Executive Director of the Auburn facility.

22. During the June 18, 2019 meeting, Ms. Grayson was required to justify why she was offended by her coworkers' comment. She believed the Executive Director was challenging her belief that such a comment could offend.

23. The next morning, June 19, 2018, Ms. Grayson lodged a complaint with Brookdale's complaint hotline. Ms. Grayson described her interaction with her co-workers and complained that the Executive Director had retaliated against her for expressing a belief that the coworkers' comment

was racist.

24. Later the same day, June 19, 2018, Brookdale placed Ms. Grayson on an immediate suspension pending an investigation into purported unprofessional behavior.

25. In the week following her suspension, Ms. Grayson left Defendant several voicemail messages to ask when she would be allowed return to work. These calls were not returned.

26. On June 27, 2018, the Executive Director sent a letter to Ms. Grayson claiming that Ms. Grayson had "not responded to repeated attempts" to contact her. The Executive Director accused Ms. Grayson of abandoning her position and thus terminated her.

27. The effect of the practices complained of in paragraphs 17 to 26 has been to deprive Ms. Grayson of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity.

28. The unlawful employment practices complained of in paragraphs 17 to 26 above were intentional.

29. The unlawful employment practices complained of in paragraphs 17 to 26 above were done with malice or reckless indifference to the federally protected rights of Ms. Grayson.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with it, from engaging in unlawful retaliation against employees for engaging in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit retaliation against employees who engage in protected activity and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Grayson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Ms. Grayson whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful retaliation complained of above,

including emotion pain, suffering, inconvenience, loss of enjoyment of life, and humiliation.

  E. Order Defendant to pay Ms. Grayson punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Dated:  May 18, 2020

BY: */s/ Roberta L. Steele*
  Roberta L. Steele
  Regional Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3011
Fax No. (415) 522-3425
roberta.steele@eeoc.gov

*Attorneys for Plaintiff*

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507